```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

|  |  |  |
|---|---|---|
| MARK SHANE HAWLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. |
| | ) | 20-cv-437-JMH |
| v. | ) | |
| | ) | |
| ZACK WILLIS, ET AL., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Mark Shane Hawley is a state prisoner who was previously incarcerated at the Madison County Detention Center in Richmond, Kentucky. Proceeding without a lawyer, Hawley filed a civil rights complaint in which he suggests that multiple Madison County Detention Center employees ran afoul of his constitutional rights. [DE 1]. Hawley lists three prison employees as defendants, but he repeatedly indicates that he is only suing these defendants in their official capacities. [*See id.* at 2; *see also* DE 1-1 at 2-3].

The Court has conducted an initial review of Hawley's submission pursuant to 28 U.S.C. § 1915A, and it must dismiss his complaint. Since Hawley is only suing the defendants in their official capacities, his claims are against Madison County itself. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003). However, Madison County is not liable merely because it employs the named

defendants; in fact, the county cannot be held responsible for an alleged constitutional deprivation unless there is a direct causal link between a county policy or custom and the deprivation. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978).

Here, Hawley does not allege, at least in any clear way, that a Madison County policy or custom prompted the named defendants' alleged conduct—i.e., the alleged excessive force and subsequent denial of medical care, access to the courts, and basic essentials. [*See* DE 1 at 4-5; DE 1-1 at 3-7]. Therefore, as currently drafted, Hawley's claims against the defendants in their official capacities fail to state claims upon which relief may be granted.[1] Accordingly, the Court will dismiss those claims.

That said, the Court's dismissal will be without prejudice. That means this Order does not prevent Hawley from (a) pursuing claims against the defendants in their individual capacities and/or (b) suing them in their official capacities and clearly identifying a county policy or custom that prompted their actions.

---

[1] It appears that Hawley may have also tried to name the Madison County Detention Center as a defendant. [*See* DE 1 at 1 (listing "Madison County Detention")]. However, the Detention Center is simply a building and not a person or legal entity which may be sued under 42 U.S.C. § 1983. *See Marbry v. Corr. Med. Servs.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. 2000) (holding that the Shelby County Jail was not subject to suit under § 1983). Thus, any claims Hawley brings against the Detention Center amount to, at most, claims against Madison County, and those claims currently fail for the reasons already stated.

2

Ultimately, if Hawley would like to pursue such claims, he may only do so by filing a new complaint—and thus a new civil action—with this Court. The appropriate forms may be obtained from the Clerk's Office.

Accordingly, it is **ORDERED** as follows:

(1)  Hawley's claims against the defendants in their official capacities, as well as any claims against the Madison County Detention Center itself, are **DISMISSED** without prejudice;

(2)  All pending motions are **DENIED** as moot;

(3)  This civil action is **STRICKEN** from the Court's docket; and

(4)  The Court will enter a corresponding Judgment.

This 28th day of October, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge